JAMES M. ROBERTSON, Appellant, *v.* JAMES R. HAMET, Appellee, and
THE SAME *v.* THE SAME.

### APPEAL FROM COLES.

There is no necessity, in a suit brought by a second assignee of a note (which has been partially paid) to allege a consideration for each of the indorsements ; nor is it necessary to specially allege non-payment to the respective holders. A general breach is sufficient.

An assessment of damages in such a case by the clerk, where a defendant abides his demurrer to the declaration, is authorized.

THE opinion of the court gives a statement of the case. The cause was heard before EMERSON, Judge.

O. B. FICKLIN, for Appellant.

C. H. CONSTABLE, for Appellee.

SKINNER, J. This was an action of assumpsit. The plaintiff below declared specially on a promissory note, executed by the defendant to one Murdock. The declaration alleges the execution of the note, the indorsement of the same, by the payee, to one Bragg, the indorsement of the same, by Bragg, to the plaintiff; and, after admitting certain payments made and indorsed on the note, alleges a promise of the maker, the defendant, in consideration of the premises stated, to pay the residue unpaid of the note to the plaintiff, and concludes with an allegation of non-payment of the said residue, and of the plaintiff's damages.

A general demurrer was interposed, which was overruled.

The defendant abiding his demurrer, the clerk. assessed the plaintiff's damages, and the court rendered judgment thereon.

There is no error in the record. There was no necessity of alleging a consideration for the several indorsements, for each indorsement imports a consideration. And, indeed, as between these parties, the consideration for the indorsements is immaterial. The note being negotiable, the indorsements, with or without consideration, vested title to the note in the last indorsee, and created a privity between him and the maker, and a liability upon which action could be maintained. Nor was it necessary to specially allege non-payment to the respective holders of the note, prior to the plaintiff, for the general breach, or allegation of non-payment of the note, at the conclusion of the declaration, extends to the entire cause of action alleged, and negates payment to all and every person to whom it could lawfully be made. Saunders' Pl. and Ev. 133.

The admission of part payment could do no harm, nor impair the plaintiff's cause of action, and the allegation of non-payment of the residue is a good breach.

The assessment of damages by the clerk is specially authorized, by statute, in case of interlocutory judgment—on default or *nil dicit*—in actions upon instruments of writing, where the damages rest in computation. Statutes 1858, 261, 262.

*Judgment affirmed.*